IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| MARYLYN K. HOWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-994-HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff brings this proceeding pursuant to section 205(g) of the Social Security Act (the Act), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the Commissioner's final decision denying plaintiff's application for disability insurance benefits. Plaintiff asserts disability beginning May 14, 2000, due to depression, painful right hand, painful foot arches, memory deficits and mental impairment. After a hearing, an administrative law judge (ALJ) determined that plaintiff is not disabled.

1 - ORDER

Plaintiff contends the ALJ erred in: (1) ignoring opinions from the consultative examining physician; (2) failing to order medical records regarding sleep apnea; (3) rejecting a medical source statement; (4) rejecting plaintiff's testimony; (5) rejecting lay witness statements; (6) finding plaintiff's residual functional capacity to be unlimited; and (7) finding plaintiff capable of performing her past relevant work.

1.  Plaintiff's Testimony

Plaintiff testified to depression such that she sometimes does not want to get out of bed, overeats and has difficulty with concentration. Plaintiff testified that her pain levels are so high that half the time she is non-functional.

The ALJ rejected plaintiff's testimony to the extent alleged. The ALJ noted that plaintiff noted daily activities that were inconsistent with the degree of alleged incapacity such as being on the administrative counsel for the senior center meeting once a month, delivering for meals on wheels once a week and work activity that, although not up to level of substantial gainful activity, exceeds purported limits. Tr. 20. Plaintiff reported to medical staff that she does a lot of heavy lifting carrying her sewing machine with her. Tr. 307. Plaintiff reported working on a ranch performing a quite a bit of heavy labor. Tr. 253. Such activities provide clear and specific reasoning for rejecting plaintiff's

testimony.  Moreover, the ALJ noted that despite allegations of pain that renders plaintiff non-functioning, plaintiff has only received conservative treatment only taking Naprosyn a couple of times.  Tr. 20, 302.  The use of nonprescription medication for pain control combined with plaintiff's extensive activities provide clear and convincing reasons for finding her less than credible regarding her abilities.  See Tidwell v. Apfel, 161 F.3d 599, 602 (9th Cir. 1998).

2.   Consultative Examining Physician

Plaintiff contends the ALJ erred by rejecting Dr. Gregory Cole's diagnosis regarding pain disorder and depression.  However, Dr. Cole did not provide an assessment that indicates plaintiff is limited in this regard.  Dr. cole merely stated that as a result of current evaluation, plaintiff exhibited some problems in the areas of attention and concentration, but that she was noted to be above average in immediate and delayed memory capabilities.  Tr. 260.  Dr. Cole also noted that plaintiff had no problems completing simple multi-step tasks.  Tr. 260.  The ALJ did not err with respect to Dr. Cole.

3.   Sleep Apnea

Plaintiff contends that the ALJ erred in failing to develop the record with respect to plaintiff's claimed sleep apnea and the

limits it causes plaintiff.  However, the record demonstrated no complaints related to sleep apnea by plaintiff therefore the ALJ did not err in this regard.  See Mayes v. Massanari, 276 F3.d 453, 459-60 (9th Cir. 2001) (ALJ has no duty to develop the record where there is no ambiguous evidence or when the record is adequate to allow for proper evaluation).  The lack of any complaints demonstrating the severity of sleep apnea left the ALJ with an adequate record to determine that plaintiff's purported sleep apnea was not severe.  Moreover, plaintiff indicated that she is following the guidelines for preventing sleep apnea.  Tr. 262.

4.   The Medical Source Statement of Dr. Estaban Miller

Plaintiff contends that the ALJ erred in rejecting Dr. Miller's assessment that plaintiff is limited in certain respects and that work would exacerbate her condition causing her to miss work three times a month.  Tr. 329-35.  The ALJ rejected the assessment because his treatment notes are unremarkable and contained no real description of medical findings to support its conclusion.  Tr. 21.  The ALJ also noted that assessment appeared on a brief and conclusory check the box form.  That form itself indicated that the medical findings that support the opinion are "by patient report only." Tr. 331, 332.  As noted above, the ALJ properly found plaintiff's own description of her limits to be non-credible and, therefore, the ALJ properly rejected Dr. Miller's

4 - ORDER

opinion.

5.   Lay Witness Testimony

Plaintiff contends the ALJ erred in totally ignoring the written statement of plaintiff's friend, William Currier, regarding plaintiff's social withdrawal, poor ability to follow instructions and handle stress, limitations in lifting, walking, memory, completing tasks and getting along with others.  Tr. 86-94. However, failure to specifically address this statement is harmless as the ALJ provided adequate reasons for his assessment of plaintiff's limitations and the ALJ already considered the limitations in the areas identified by Currier and found them non-severe.  See Stout v. Commissioner 454 F.3d 1050, 1056 (9th Cir. 2006) (failure to properly discuss lay testimony harmless if no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination).

6 & 7.   Plaintiff's Residual Functional Capacity and Past Work

Plaintiff contends that the RFC determination is deficient not only because of the allegedly improperly rejected medical and symptom testimony, but because the ALJ failed to even account for his own findings of severe impairments of plantar fasciitis and bilateral wrist tendinitis and because he failed to assess plaintiff's ability to work eight hours a day five days a week.

5 - ORDER

Moreover, plaintiff contends that the hypothetical to the vocational expert was deficient. However, the ALJ found plaintiff's sever impairments to be controlled and thus not limiting. Moreover, the ALJ considered plaintiff's impairments in combination, Tr. 18-22, and sought the advice of a vocational expert as to plaintiff's abilities to work eight hours a day five days a week. Tr. 376-77. The Hypothetical to the vocational expert included those limitations properly found by the ALJ. The ALJ properly relied on the vocational expert's expertise regarding the functional requirements of plaintiff's past work.

## CONCLUSION

Pursuant to Sentence 4 of 42 U.S.C. § 405(g), the decision of the Commissioner is affirmed.

DATED this ___5th___ day of __August__, 2008.

                                              s/ Michael R. Hogan
                                    UNITED STATES DISTRICT JUDGE